**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------x

| | |
|---|---|
| AVROHOM LEVITT, | : |
| on behalf of plaintiff and a class, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| IMMEDIATE CREDIT RECOVERY, | : |
| INC., | : |
| | : |
| Defendant. | : |

---------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Avrohom Levitt brings this action to secure redress from unlawful

credit and collection practices engaged in by Defendant Immediate Credit Recovery, Inc.

("ICR").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et

seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

1

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.      Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by Plaintiff within this District.

## PARTIES

9.      Plaintiff Avrohom Levitt is a resident of Flushing, New York.

10.      Defendant Immediate Credit Recovery, Inc. ("ICR"), is a New York corporation with its principal place of business at 6 Neptune Road, Poughkeepsie, NY 12601.  It also has offices in Georgia and Texas.

11.      ICR operates a collection agency, using the mails and telephone system to collect debts allegedly due others.

12.      ICR states on its web site ([https://www.icrcollect.com/](https://www.icrcollect.com/)) that "Since 1990, ICR has

specialized in default prevention and receivables solutions for the ever-growing Higher Education Industry."

13.     ICR is a debt collector as defined in the FDCPA.

## FACTS

14.     Among the higher education institutions that ICR collects for is Yeshiva University.

15.     On or about January 29, 2019, ICR sent Plaintiff the letters attached as Exhibits A and B.  Exhibit A pertained to account H01995 and sought $6,271.43.  Exhibit B pertained to account H01996 and sought $2,450.53.

16.     Exhibits A and B sought to collect educational debts for Yeshiva University.

17.     Exhibits A and B were the first letters ICR sent to Plaintiff regarding the debts described in the letters.

18.     Exhibit A does not state that interest may be added to the debt.

19.     Exhibit B states that "the amount due above is as of the date of this letter" and that "Due to interest and /or other charges that may vary from day to day, the amount due on the day you pay may be greater. . . .

20.     On information and belief, account H01995 was non-interest bearing and account H01996 was interest-bearing.

21.     Exhibits A and B are forms ICR uses as the initial letter it sends to a consumer regarding a debt, depending on whether it is interest bearing (Exhibit B) or not (Exhibit A).

22.     On or about February 6, 2019, Plaintiff requested verification of the debts (Exhibits C-D).

3

23.    On or about February 18, 2019, ICR sent Plaintiff Exhibit E, which combined the amounts claimed on accounts H01995 and H01996 under H01995.

24.    The amount sought in Exhibit E ($8727.42) is in excess of the sums demanded in Exhibits A and B ($6271.43 + $2450.53 = $8721.96).

25.    On information and belief, the increase results from the addition of interest.

26.    Exhibit E states that "the amount due above is as of the date of this letter" and that "Due to interest and /or other charges that may vary from day to day, the amount due on the day you pay may be greater. . . ."

27.    The quoted statement is accurate for the debt originally described in Exhibit B and  inaccurate for the debt originally described in Exhibit A.

28.    By combining the interest-bearing and non-interest-bearing accounts previously collected under different account numbers under a single account number, without distinction, stating a single balance for the combined account, and stating that interest may be added, ICR made confusing and misleading statements about the addition of interest to Plaintiff's debt.

29.    Distinguishing between the interest-bearing and non-interest-bearing accounts is material because it is obviously would be in Plaintiff's interest to pay off the interest-bearing account first.

30.    15 U.S.C. §1692h, "Multiple debts," gives Plaintiff that right:  "If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions."

4

31.     It is the practice of ICR to combine interest-bearing and non-interest-bearing debts  as a single debt.

32.     Such practice thwarts and obfuscates Plaintiff's exercise of the right to direct payments to the interest-bearing account, or makes it difficult to exercise.

33.     Such practice also makes it difficult or impossible to check the interest calculations used by Defendant.

34.     Plaintiff was injured by ICR's confusing and misleading actions.

## VIOLATION ALLEGED

35.     Defendant thereby violated 15 U.S.C.   §§1692e, 1692e(2), and  1692e(10).

36.     Section 1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of—**

**(A) the character, amount, or legal status of any debt; . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

37.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38.     The class consists of (a) all individuals (b) who were sent a letter by Defendant (c) combining interest-bearing and non-interest-bearing balances (d) and stating that interest may or

may not accrue, without distinction between the balances, (e) on or after a date one year prior to the filing of this action and ending 21 days after the filing of this action.

39.     On information and belief, based on Defendant's size,  the class is so numerous that joinder of all members is not practicable.

40.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common question is whether Defendant's practice violates  the FDCPA.

41.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

42.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant for:

      i.     Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.     Such other and further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com


s/Abraham Kleinman
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

7

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy
Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


s/Abraham Kleinman
Abraham Kleinman


Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


T:\36380\Pleading\Complaint_Pleading.WPD